### WILLIAMES et al. v. McNEELY et al.

#### (Circuit Court, E. D. Pennsylvania. December 4, 1894.)

#### No. 44.

1. PATENTS—STEAM-HEATING APPARATUS—ANTICIPATION.

The Williames patent, No. 256,089, for an improvement in steam-heating apparatus for buildings, providing for an unobstructed exhaust pipe, and heating coils opening from it, in combination with a bleeder pipe connecting with said coils, and opening at the bottom into a hot well, in which a partial vacuum is maintained for the purpose of drawing the steam through the coils, is not anticipated by an apparatus for condensing engines, constructed to produce as instantaneous a condensation of the steam as possible, or by the Corey invention of an improvement in water tanks for hotels to utilize all the escape steam from the engines, etc., to contribute to the supply of hot water, neither of which inventions had any reference to heating buildings.

2. SAME—DISCLAIMER—REV. ST. §§ 4917, 4922—UNREASONABLE DELAY.

The reasonableness of the delay to enter a disclaimer of the parts of a patent to which the patentee is not entitled (Rev. St. §§ 4917, 4922) must be determined with reference to the time when the party acquired knowledge that he was not the true inventor of such parts; and the decree of a court of first instance holding his claim invalid is not to be taken as decisive of the acquisition of such knowledge as of the date of its promulgation, where it is still subject to appeal, and the patentee, in good faith, protests that it is incorrect.

3. SAME—DELAY TO APPEAL.

Complainants are not concluded in such case on the ground that they unduly delayed to take an appeal, where the time allowed by law therefor has not expired.

This was a bill by Napoleon W. Williames and Warren Webster against Charles W. McNeely & Co. to restrain infringement of a patent.

Ernest Howard Hunter, for complainants.
Mayer Sulzberger and Joseph C. Fraley, for defendants.

DALLAS, Circuit Judge. This is a suit in equity for alleged infringement of letters patent No. 256,089, granted to Napoleon W. Williames under date of April 4, 1882. The claims alleged to be infringed are as follows:

"(1) In apparatus for heating buildings, the unobstructed exhaust pipe, and heating coils opening from it, in combination with a bleeder pipe connecting with said coil, and opening at the bottom into a hot well, in which a partial vacuum is maintained, substantially as and for the purposes specified." "(3) In apparatus for heating buildings, the unobstructed exhaust pipe, A, heating coils, B, bleeder main, D, hot well, E, suction or exhaust fan F, and feed-water pipe, N, substantially as and for the purpose specified."

The allegation of infringement has been maintained. The larger and extended pipe, which in the defendants' arrangement is placed between the vacuum pump and the anterior portion of their apparatus, is substantially identical with the "hot well" of the patent; and in no other particular has it been attempted to distinguish the defendants' construction from that of the plaintiffs. The claims in suit were sustained by the circuit court for the Southern district of New York in the case of Williames v. Barnard, 41 Fed. 358. In the same case the broader claims, viz. the second, the fifth, and the seventh, were disallowed, and it is here contended that "the difference between the claims adjudicated to be void and those now in controversy is not patentable,"—that the latter are "void for lack of patentable novelty"; and, to uphold this contention, certain evidence has been adduced in the present case which was not presented in the former one. This additional evidence consists of publications in the Circle of Sciences (volume 2, p. 871), and in Practical Notes on the Steam Engine, Propellers, etc. (page 145), and United States patent No. 144,834, issued to James H. Corey on November 25, 1872. The two publications first mentioned relate to low-pressure or condensing engines. They do not refer to heating, nor suggest any means to that end. They deal with condensers for steam engines, and, as was admitted by defendants' expert, the forms of condensing apparatus of which they treat are designedly constructed to produce as instantaneous a condensation of the steam as possible, whereas in the complainants' heating system the steam does—and, to accomplish the desired result, must—remain almost wholly uncondensed in its passage through the pipes (generally of considerable length) which feed the radiators from which the heat supplied is immediately derived. The Corey patent is not anticipatory of the patent in suit. Corey had no thought of heating. He described his invention as "an improvement in water tanks for hotels," consisting "in so constructing the water tanks of hotels and other buildings as to utilize, as far as possible, all the escape steam from the engines, and all the drip from the heaters, kitchens, wash house, laundry, etc." He proposed, primarily, to use the escape from the engine, and to add to this the drip from other sources, including that from the heaters, but with the sole object of making it "available and useful" for obtaining an "ample supply of hot water." The return pipes from the kitchen, laundry, or any steam-heating apparatus, and from the steam coils for heating the building, were represented, but only to show the manner in which this single specified object was to be effected. They were all to contribute to the supply of hot water, but the inventor had no more idea of affecting the heating system than he had of interfering with the operations of the kitchen or of the laundry. Nor

did he even incidentally indicate the Williames contrivance for producing the Williames result. He suggested that "an exhaust pump may be attached to the discharge pipe of steam tank, C, D, at M, and to the steam coil, L, of water tank, E, F, at A, to remove the atmospheric pressure, thus making the engines, pumps, etc., connected thereto act at low pressure"; but he made no claim based upon this suggestion and could not have done so with success. It amounts to nothing more than a recognition of the possibility of applying devices whereby exhaust steam can be led to an exhaust pump, which, in a perfectly well known manner, acts to produce the effect belonging to the low-pressure system of steam engines, but which, as has already been shown, differs essentially from that which was designed and attained by the invention of this patentee.

The only remaining defense which has been pressed is that "the patent is void in toto because," as is alleged, "the patentee has unreasonably neglected and delayed to disclaim the parts of which he is not the original and first inventor." The privilege of disclaimer is conferred by section 4917 of the Revised Statutes; and section 4922 provides that a suit may be maintained by the owner of a patent for the infringement of any part thereof which is bona fide his own, notwithstanding the specifications may embrace more than he has invented, but unless the proper disclaimer shall have been entered he shall not recover costs, and no patentee "shall be entitled to the benefit of this section if he has unreasonably neglected or delayed to enter disclaimer." I think that the ruling of Judge Coxe that the Reid and Billington apparatus anticipates the broad claims of the Williames patent should be followed, and therefore, no disclaimer having been entered as to them, that no costs can be recovered by the complainants, notwithstanding the fact that this suit has been brought for a part thereof which is bona fide their own. But I do not think that the right to protection from infringement of the two narrower claims which were sustained in Williames v. Barnard has been lost through unreasonable neglect or delay to enter a disclaimer. It has not been conclusively settled that Williames claimed anything of which he was not the original and first inventor. It is true that a circuit court has held that he did, and it appears that when the opinion of that court was written it was supposed that a disclaimer should precede the entry of its decree in the complainants' favor upon the claims which it held to be valid. That decree, however, was in fact entered without disclaimer being made, and doubtless for the reason that the learned judge had observed, after his opinion had been delivered, that, while the statute deprives plaintiffs of costs in such cases, it does not authorize the requirement of the disclaimer of unfounded claims as a condition of granting relief upon those which are supported. There is, then, no decree for disclaimer, and there should be none; and there is no legislation which prescribes that, upon a patent being judicially held to be invalid in part, a disclaimer must then, or in a reasonable time thereafter, be entered. The reasonableness of the delay occurring in any case must be determined with reference to the time when the party acquired

knowledge that he was not the true inventor of any material or substantial part of the thing patented. Must the decision of a court of first instance be taken to be decisive of the acquisition of such knowledge at the date of its promulgation? In my opinion this question should be answered negatively, and if I am right in this the defense under consideration fails, for it is based wholly upon the opposite assumption. If the opinion of a single judge of a subordinate tribunal finally settled the matter, then, perhaps, it would be unreasonable to postpone the entry of a disclaimer for even a very brief period after such a decision, indicating its necessity, had been announced, and the right of appeal would be practically frustrated.

It is, however, further contended that these complainants have unduly delayed to take an appeal, and that, therefore, they are concluded by the decree of the circuit court; but the sufficient answer to this is that the time allowed by law for taking an appeal has not expired. In the meantime, the plaintiffs insist that the decree of Judge Coxe, in so far as it is adverse to them, is erroneous; and their counsel has submitted in the present case an argument in support of this insistence, which I may say, though I have no intention to intimate any opinion on the subject with which it deals, is certainly neither feigned nor frivolous. The disclaimer which it is contended should have been entered would, if made, have absolutely and irrevocably effaced material parts of the patent; and in my opinion the plaintiffs were not bound to relinquish their claims to those parts, merely because they had been adjudged to be invalid by a decree which is still subject to appeal, and which they, in good faith, protest is incorrect. Decree for complainants, without costs.