## PLECKER v. POORMAN.

(Circuit Court, S. D. Ohio, W. D. April 3, 1905. On Rehearing, September 14, 1905.)

No. 5,495.

1. PATENTS—SUIT FOR INFRINGEMENT—LACHES.

The owner of a patent is not barred by laches from maintaining a suit in equity for its infringement because of a delay of six years in bringing such suit after the alleged infringement commences where it appears that during such time another suit was pending for infringement by a machine substantially the same as defendant's.

[Ed. Note.—For cases in point, see vol. 38, Cent. Dig. Patents, §§ 467-469.

Laches as a defense in patent infringement suit, see notes to Taylor v. Sawyer Spindle Co., 22 C. C. A. 211; Richardson v. D. M. Osborne & Co., 36 C. C. A. 613.]

2. SAME—INFRINGEMENT—CORRUGATING MACHINE.

Claim 1 of the Plecker patent, No. 473,019, for a corrugating machine discloses patentable invention in the seaming roll therein described. Also *held* infringed. Claim 8 is void for lack of invention.

3. SAME—RECOVERY IN PART—DISCLAIMER.

Where, in a suit for infringement of a patent, one claim involved is *held* valid and infringed, and another void for lack of invention, while under Rev. St. § 973 [U. S. Comp. St. 1901, p. 703], the complainant cannot recover costs unless a disclaimer is filed as to the claim adjudged invalid, such disclaimer will not be required as a condition precedent to the recovery of profits or damages for infringement of the valid claim.

[Ed. Note.—For cases in point, see vol. 38, Cent. Dig. Patents, § 228.]

In Equity.

THOMPSON, District Judge. Suit to enjoin the alleged infringement of letters patent No. 473,019, issued to William J. Plecker April 19, 1892, for an improvement in corrugating machines, and for damages, etc.

The claims of the patent alleged to be infringed are:

"(1) In a machine for forming closed corrugated tubes, the combination of the stationary frame, the corrugation forming rolls mounted on the stationary frame, and the seam-locking roll in a transverse plane behind that of the corrugating-rolls, but in close proximity thereto, and situated substantially as set forth, whereby while one part of the tube is having the seam locked, the other part is being simultaneously corrugated."

"(8) The combination of the frame, the longitudinally-moveable corrugated mandrel, the pressing-rolls mounted on the frame, and a vertically-swinging detent-lever mounted on the frame and adapted to engage with the pipe on the mandrel, substantially as and for the purpose set forth."

The defenses relied on are: Lack of patentable invention, lack of utility, anticipation, prior use, noninfringement, laches.

The function of the seaming-roll of claim 1 and its position in the machine were new in the art and useful, and its employment involved patentable invention. The seaming-roll of the defendant's machine, although in a separate frame and further back of the corrugating-rolls than the complainant's, and supported underneath by a roller not found in the complainant's machine, nevertheless perform the same functions, in the same manner, for the same purpose and with the same beneficial result as that of complainant's and therefore infringes complainant's patent. The complainant is not barred from relief because of laches in the enforcement of its rights under the patent. The stipulation of the parties shows that in 1894, the company which the defendant succeeded in business built and sold a machine essentially "the same as that illustrated in the complainant's exhibit drawing of the defendant's machine placed in evidence," six years before the bringing of this suit, and that the defendant has since "made and sold numerous machines of the same general construction," but the testimony of the defendant's witness, Fowler, shows that during that time the complainant brought suit against the Universal Machine Company

for using a machine which was the same, or substantially the same, as the defendant's machine; and, in view of this fact, the admissions of the stipulation are insufficient to warrant the inference of laches.

The combination described in claim 8 presents nothing new in the art which entitles it to recognition as an invention.

There will be a decree for the complainant in accordance with these findings.

On Motion to Correct Decree and on Motion for a Rehearing.

1. The motion for a rehearing will be overruled.

2. The bill charged the infringement of claims 1 and 8 of letters patent 473,019. The court found that the defendant had infringed claim 1, but that claim 8 presented nothing new in the art which entitled it to recognition as an invention. No disclaimer of claim 8 has been presented, and compliance with section 973 of the Revised Statutes [U. S. Comp. St. 1901, p. 703] requires that the decree entered herein be corrected by striking therefrom paragraph 7 thereof, which adjudges that the complainant recover of the defendant his costs, etc.

The court will not require that a disclaimer be entered as a condition precedent to the recovery of profits and damages. To do so would deprive the complainant of the benefit of an appeal from the decree of the court holding that claim 8 is *without invention*. Meyer v. Medicine Co., 58 Fed. 884, 7 C. C. A. 558; Williams v. McNeely (C. C.) 64 Fed. 766.